**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for 127 East 69th Street LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Alex Spizz, Esq.
Jill Makower, Esq.
aspizz@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                            :
                                                  :   Chapter 11
127 EAST 69TH STREET LLC                          :
                                                  :   Case No.: 19-
               Debtor.                            :
------------------------------------------------------------ x

## LOCAL BANKRUPTCY RULE 1007-2 AFFIDAVIT

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK   )

LEIGH KENO, being duly sworn, deposes and states:

1. I am the sole member of 127 East 69th Street LLC, a New York limited liability company (the "Debtor"). I submit this affidavit pursuant to Rule 1007-2 of the Local Rules of this Court.

2. The Debtor intends to file a voluntary Chapter 11 petition with the Clerk of this Court on or about August 15, 2019.

3. There has been no committee of creditors organized prior to the order for relief in this Chapter 11 case.

4. The Debtor owns mixed use real property in New York, New York, at the following address: 127 East 69th Street, New York, New York 10021 (the "Property").

The Property is a townhouse from which the Debtor generates monthly rental income of $13,685 pursuant to a commercial lease with The Pace Gallery LLC.

5. The Debtor's substantial assets consist of the Property.

6. The Debtor has owned the Property since 2000. The Debtor believes the Property is currently worth approximately $13,000,000.[1]

7. The Debtor's mortgagee, Pleiades Financial Services LLC ("Mortgagee"), is secured by the Property and by my membership interest in the Debtor, which I pledged to the Mortgagee. I personally guaranteed the debt owed to the Mortgagee.

8. The Debtor believes that based on the current value of the Property, there is an equity cushion of approximately $3,000,000.

9. The Debtor will seek to sell the Property, which should result in significant recovery for equity after payment of the Mortgagee's claim and the other valid claims.

10. Pursuant to Rule 1007-2(a)(4) of the Local Bankruptcy Rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.

11. Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured creditors.

12. Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules annexed hereto as **Exhibit "3"** is an internal estimate of the Debtor's assets and liabilities.

13. The Debtor is a limited liability company. The Debtor has no publicly held securities.

---

[1] The Property was appraised on March 22, 2017 for $19,400,000.

14. The Debtor's office is located at the Property.

15. The Debtor's books and records are located at the Property.

16. On or about July 2, 2019, the Mortgagee scheduled a UCC Article 9 foreclosure sale of my membership interest in the Debtor. A sale of my membership interest is scheduled for August 22, 2019. The Debtor is not a party to that or any other litigation.

17. I am the Debtor's managing member (and sole member). I handle the Debtor's day to day affairs. The Debtor has no employees and no payroll.

18. The Debtor does not propose to make any payments to the Debtor's officers, stockholders and directors for the thirty (30) day period following the filing of the Chapter 11 petition.

19. The Debtor estimates it will collect approximately $13,685 in rent in the next thirty (30) days.

20. The Debtor intends to operate and manage its business and property pursuant to the provisions of Chapter 11 of Title 11 of the United States Code.

21. The Debtor verily believes that under the aegis of the Bankruptcy Court, it will be able to sell the Property and pay off the Mortgagee and its other creditors and obtain a significant recovery for equity.

/s/ Leigh Keno
Leigh Keno

Sworn to before me this
15th day of August, 2019

/s/ Brandon Vetter
Notary Public, State of New York
No. 01VE6334913
Qualified in Dutchess County
My Commission Expires Dec 26, 2019

**EXHIBIT 1**

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | 127 East 69th Street LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| James Dinan 950 5th Ave New York, NY 10075 | | Loan | | | | $1,000,000.00 |

**EXHIBIT 2**

## IN THE UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re:

127 EAST 69TH STREET LLC

Debtor.

Chapter 11

Case No. 19-

## LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS

*Following is a list of the debtor's creditors holding the 5 largest secured claims. The list is prepared in accordance with Rule 1007-2(a)(5) of the Local Rules of this court for the filing in this Chapter 11 case.*

| NAME OF CREDITORS AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) OF EMPLOYEE, AGENT, OR DEPARTMENT (IF DIFFERENT FROM MAILING ADDRESS) OF CREDITOR FAMILIAR WITH CLAIM | AMOUNT OF CLAIM | DESCRIPTION AND EST. VALUE OF COLLATERAL SECURING CLAIM |
|---|---|---|---|
| Pleiades Financial Services LLC<br>7 West 54th Street<br>New York, NY 10021 | c/o Greenberg Traurig LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Kristen J. Lonegran, Esq. | $10,000,000.00 | Mortgage on real property located at 127 East 69th Street, New York, NY 10021 |

## DECLARATION UNDER PENALTY OF PERJURY

I, Leigh Keno, sole member of 127 East 69th Street LLC, named as debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding the five (5) largest secured claims and that it is true and correct to the best of my information and belief.

Dated: New York, New York
August 15, 2019

/s/ Leigh Keno
Leigh Keno, Sole Member

**EXHIBIT 3**

# SUMMARY OF ESTIMATED ASSETS AND LIABILITIES

## ASSETS

| | |
|---|---|
| Real Estate | $13,000,000.00 |
| **Total Assets** | **$13,000,000.00** |

## LIABILITIES

| | |
|---|---|
| Mortgage Loan Payable | $10,000,000.00 |
| Indemnification Claim of Leigh Keno | Unknown |
| James Dinan | $1,000,000.00 |
| **Total Liabilities** | **$11,000,000.00** |